## DOWIE & MOISE v. JOYNER.

1. A paper in form a promissory note, given for the purchase of fertilizers with the addition of an agreement to remit all cash collected and all notes taken for the sale of said fertilizers, was declared on as a promissory note. *Held*, that if the paper were not a promissory note, still the allegations of the complaint were sufficient, and the plaintiff on proof of the paper was entitled to recover.

2. But the note was a promissory note, notwithstanding the additional collateral agreement. *National Bank* v. *Gary*, 18 *S. C.*, 285.

3. If a defendant is in doubt as to the character of the claim made against him, the proper remedy is a motion to have the complaint made more definite.

Before KERSHAW, J., Richland, July, 1885.

The opinion fully states the case.

*Mr. A. J. Green,* for appellant.

*Mr. John T. Sloan, jr.,* contra.

June 22, 1886.   The opinion of the court was delivered by
MR. CHIEF JUSTICE SIMPSON.   The plaintiff brought the
action below on a money demand, a statement of his cause of
action in the complaint being as follows:

"Second, for a second cause of action: That heretofore the
defendant, by one P. H. Joyner, her agent duly authorized there-
to, made her promissory note in writing, dated on the 23rd day of
April, 1884, at Eastover, S. C., and thereby promised to pay to
the plaintiff, under the style and firm name of Dowie & Moise, eight
hundred and twenty-six dollars and fifty cents, on the first day
of November, 1884;" and after acknowledging certain credits
thereon, which reduced the sum due to $526.50, demanded judg-
ment for that sum with interest at 7 per cent. per annum.   For
answer to this, the second cause of action: "The defendant denied
each and every allegation of the complaint in regard thereto."

By consent, the case was referred to the master, with leave to
either party to review by exceptions his conclusions.   On the
trial before the master, a paper, of which the following is a copy,
was introduced by the plaintiff in support of the cause of action
above, to wit:

"Collateral note for fertilizers. $826.50. Eastover, S. C.
April 23, 1884.   On November 1, next, I promise to pay to the
order of Dowie & Moise, eight hundred and twenty-six and 50–
100 dollars at 1st Nat. Bank of Charleston, for value received in
fertilizers.   And to secure the payment of this note, I hereby
agree on or before May 15, next, to pay to the said Dowie &
Moise all moneys collected from sales of said fertilizers, and to
deliver to them all notes given for purchase of same, inclusive of
freights on said fertilizers, as said collateral security for the pay-
ment of this note.   That on or about September 15, next, Dowie
& Moise agree to return said planters' notes for collection for
their account, and that I agree in their behalf to collect the same,

and remit to them the proceeds of such notes as may be collected, or transfer the original notes which, as trustees for them, we may be unable to collect in part or in full, and this agreement to remain in force until this obligation is satisfied. (Signed) P. H. Joyner, Agt."

Endorsements: "November 28, 1884. By cash, account of within note, two hundred dollars. December 26. By cash on account of the within note, one hundred dollars."

It was admitted that P. H. Joyner was the agent of his wife, the defendant, and that he was authorized thereto and did sign the original paper of which the above is a copy. Moise, the plaintiff, proved that the payments above were made by remittances by Joyner as the agent of his wife, and also that certain planters' notes taken in the sale of the fertilizer had been returned to him by Joyner in pursuance of the agreement above.

At the conclusion of this, the plaintiff's testimony, the defendant moved for a non-suit on the ground that the paper above was not a promissory note. 1st, that it contained engagements for something besides the payment of money; and 2d, by implication was payable out of a particular fund. This motion was refused by the master. The defendant then offered in evidence several notes given by planters, found in the "Case," marked C., and finally it was admitted that the terms of the collateral agreement appended to the original note (the one sued on), as to the return of the notes and liens to Joyner for collection, and the return of the same to the plaintiff, had been complied with. The master reported that he had refused the motion for non-suit, because he held that the paper in question, notwithstanding the appended agreement, was a promissory note. He further reported as matters of fact that P. H. Joyner, as agent of defendant, had made said note, that all payments had been properly credited, and that the terms of the appended agreement had been complied with, as admitted above. And he found as conclusions of law, 1st. That plaintiff was entitled to judgment on the first cause of action as set forth in the complaint in the sum of $227.95. 2d. That said full compliance with the terms of the appended agreement as to the return of notes and liens to the defendant for collection, and the return of the same by her to the plaintiff, did not oper-

ate as a discharge of defendant's liability on said promissory note. And 3d. That there is now due to the plaintiff on said note, $526.50, with interest, &c., amounting to $550.30, for which, with costs and disbursements, he recommended judgment.

The defendant excepted, claiming that the paper was not a promissory note, and on that account the non-suit should have been granted. 2d. That the master erred in his second finding of law, the same not being warranted under the pleadings or evidence. 3d. That he erred in finding that plaintiff was entitled to recover $550.30 and costs; and 4th. That he should have found that the instrument sued on was a contract for the sale of fertilizers, and should have been declared on as such.

The Circuit Judge overruled these exceptions, and confirmed the master's report, giving the plaintiff judgment, in accordance with the recommendations and conclusions thereof. The appeal of defendant involves the same questions as those raised in the above exceptions to master's report.

The defendant contends, first, that she was entitled to a non-suit as to the second cause of action, because there was no evidence of indebtedness on her part by promissory note as alleged in the complaint, the paper introduced and relied on to support said cause of action being a contract, instead of a promissory note. Suppose it be admitted that the paper in question is not a promissory note, but is, as contended by defendant, a contract, what, then, is the result? Does it amount to more than that the plaintiff has made a mistake in the name which he has given to the paper sued on? Is such a mistake fatal? Doubtless it would have been under the old practice and pleading, where forms even to technical accuracy had to be observed; but can it be so under the code? Besides the liberal spirit which pervades the entire code, especially as to defects in pleading, there are two sections which appear to be directly applicable to a question like this before the court, to wit: section 163 and section 180. In the first, it is provided that the complaint shall contain a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition. In the second it is provided, that in the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with

a view of substantial justice between the parties. In addition, see also section 181, where it is provided, that when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defence is not apparent, the court may require the pleading to be made definite and certain by amendment.

Now, when it is remembered that the plaintiff here supposed that he had a cause of action upon that portion of the paper in which defendant had promised to pay him a certain sum of money at a day certain, and that he had no cause of action on the appended or collateral agreement, there having been no breach thereof, does not his complaint contain a plain and concise statement of his cause of action, or, at least, may not the action be sustained by the liberal construction required by section 180, to the end that substantial justice between the parties shall be done ? All that is required is, that the defendant shall not be taken by surprise, that he shall be fully informed of the character of the claim made against him, so that he can interpose his defence. If he is doubtful in this regard, section 181, above, enables him to have the complaint made more definite and certain. The defendant did not ask the aid of this latter section, and we can hardly suppose that she was uninformed as to the precise claim made upon her. In this view of the case it is not important what name the plaintiff might have given the paper relied on, whether promissory note or contract. The substance was there, and, as it appears to us, was stated in a sufficiently plain and concise form to meet the requirements of the code on the subject of complaints.

The appellant cites the case of *Hogg* v. *Pinckney* (16 *S. C.*, 387), wherein it is said: "That it is well understood that all the facts which the plaintiff is required to prove to entitle him to a verdict should be alleged in the complaint." This is good law, but we do not see that it conflicts with the principles herein above, or that it was violated in the case at bar. We think that the plaintiff alleged in his complaint all that it was necessary to allege, and the evidence introduced, we think, sustained his allegations in substance, even if it be admitted that he gave a wrong name to the paper sued on.

But did he make a mistake in this respect? That he did not, see the case of the *Bank* v. *Gary*, 18 *S. C.*, 285, and the cases there cited. This case, in our opinion, fully sustains the position of the master, affirmed by the Circuit Judge, that the paper in question is a promissory note.

The other exceptions were not discussed by appellant, his appeal in the argument being based entirely upon the question involving the character of the paper sued on, to wit, whether or not it was a promissory note. We may say, however, that the errors alleged therein do not appear.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.